UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL RIVERA, ) | 3:22-CV-0847 (SVN) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE, et al., ) | |
| *Defendants*. ) | January 18, 2023 |

## INITIAL REVIEW ORDER

Plaintiff Angel Rivera, who was formerly in the custody of Connecticut Department of Correction ("DOC") at Hartford Correctional Center ("HCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against four HCC employees: Lieutenant John Doe, Correctional Officer John Doe, Correctional Officer Williams, and Warden Long. Compl., ECF No. 1. Plaintiff asserts violation of his constitutional rights and his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, in conjunction with an alleged attack that occurred while he was a pretrial detainee confined at HCC. The complaint seeks compensatory and punitive damages against defendants in their individual and official capacities. For the reasons set forth below, the Court **DISMISSES** this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court must review civil complaints filed by prisoners and dismiss any portion of a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The Court, however, is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-established that submissions of *pro se* litigants are "reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt *pro se* litigants from the minimum pleading requirements described above; a *pro se* complaint still must "state a claim to relief that is plausible

on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678). Therefore, even where a plaintiff is proceeding *pro se*, the Court may not "invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## II. DISCUSSION

Federal Rule of Civil Procedure 8 requires that a party's complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that while this requirement does not mandate "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft*, 556 U.S. at 678. The heart of Rule 8's requirement is that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The allegations of Plaintiff's complaint are precisely the type of unadorned accusation the Supreme Court made clear cannot proceed. The complaint in its entirety states:

> On November 10th, 2021 during the Recreation Period I was attacked and due to duration of attack and correctional officers response time I suffered injuries: excessive swelling, lost conscious, traumatic brain injury, broken nose. As a pretrial detainee I have a right to be protected from such attacks. I am asking for any protection of the law state and federal and American with disabilities act. I am seeking compensation: punitive compensatory. I am suing in each defendants official and individual capacity.

ECF No. 1 at 5. While these factual allegations are accepted as true for purposes of this initial review, *see Dehany v. Chagnon*, No. 3:17-cv-00308 (JAM), 2017 WL 2661624, at *3 (D. Conn. June 20, 2017), the allegations fail to adequately put the Defendants on notice as to what Plaintiff's claim is. Specifically, Plaintiff does not allege who attacked him or what took place during the

3

attack.   He also does not allege with any specificity what each Defendant did or did not do, except to say that corrections officers responded with an unspecified delay.   Plaintiff's complaint further seeks relief under both state and federal law, as well as the Americans with Disabilities Act ("ADA"). But Plaintiff specifies no particular state law he believes Defendants violated or that entitles him to relief.   Nor does he explain why he qualifies as disabled under the ADA or what opportunity he was denied, both necessary elements to maintain a claim under the ADA.[1]   The Court is mindful of its duty to interpret the allegations of *pro se* litigants to raise the strongest arguments they suggest, but the allegations of Plaintiff's complaint are simply too sparse for the Court to allow the complaint to proceed at this juncture.

Despite the paucity of the allegations in the current complaint, it is possible that Plaintiff could allege a violation of his Fourteenth Amendment due process rights under a failure to intervene theory, or a theory of deliberate indifference to Plaintiff's health and safety.  *See, e.g., Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (holding that pretrial detainee's constitutional claims are analyzed under the Fourteenth Amendment).   As such, Plaintiff shall be allowed to file an amended complaint no later than February 25, 2023, laying out his claims in sufficient detail such that Defendants will be able to adequately respond to and defend against them.   Plaintiff is informed that, in order to properly allege that a particular defendant committed a constitutional

---

[1] To adequately state a claim under the ADA Plaintiff must allege: 1) "he is a qualified individual with a disability; 2) [the defendant] is an entity subject to the acts; and 3) he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities [or that the defendant] otherwise discriminated against him by reason of his disability." *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). A "qualified individual with a disability" is defined as a disabled individual "who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The ADA further defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1).


violation, he must show that that particular defendant himself *participated* in the constitutional violation, and did not simply supervise others who may have committed the violation. *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020).

If Plaintiff files an amended complaint, the Court will review it under 28 U.S.C. § 1915A to determine whether it states sufficient allegations to proceed to service.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES the complaint without prejudice for failure to state any plausible claims. *See* 28 U.S.C. § 1915A(b). If Plaintiff wishes to file an amended complaint, he shall do so no later than February 25, 2023. If no amended complaint is filed by February 25, 2023, the dismissal will convert to one with prejudice, and the Court will close the case.

**SO ORDERED** at Hartford, Connecticut, this 18th day of January, 2023.

                         */s/ Sarala V. Nagala*
                         SARALA V. NAGALA
                         UNITED STATES DISTRICT JUDGE